UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 08-282-HRW

CLYDE GAMBREL,                                                        PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits.

The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits and supplemental security income benefits on March 9, 2001, alleging disability beginning on January 31, 2001, due to "gun shot wounds, blind in right eye and have problem, with left eye, bad back, breath problems, bad nerves and

headaches" (Tr. 102, 115). This application was denied initially, on reconsideration and by Administrative Law Judge decision dated January 31, 2003. The matter was remanded for further consideration and supplemental hearing. The claim was again denied by Administrative Law Judge decision dated November 21, 2005. Plaintiff appealed and the matter was remanded a second time for further consideration.

While the claim was pending, Plaintiff filed another application for disability insurance benefits and supplemental security income benefits on February 16, 2006. It, too, was denied initially and upon reconsideration. The Appeals Council directed that this application be associated with the remanded claims.

On March 6, 2008, an administrative hearing was conducted by Administrative Law Judge Frank Letchworth (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Anne B. Thomas, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

2

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On June 3, 2008, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 263-274). Plaintiff was 43 years old at the time of the hearing decision. He has a 9th grade education. His past relevant work experience consists of work as a security guard and chief guard.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 31, 2001 the alleged onset date of disability (Tr. 266).

3

The ALJ then determined, at Step 2, that Plaintiff suffered from residuals from gun shot wound to head, degenerative disc disease of lumbar spine, chronic headaches, anxiety and depression, which he found to be "severe", in combination, within the meaning of the Regulations (Tr. 266-269).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 269-270).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 273) but determined that he has the residual functional capacity ("RFC") to perform a range of light work with certain exertional and nonexertional limitations (Tr. 270-273).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 274).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and has adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

4

## III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff contends that the ALJ's finding of no disability is erroneous because the ALJ failed to give controlling weight to the opinion of a treating source, Arden Marc Acob, M.D.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

In an assessment of Plaintiff's ability to do work related activities (physical) dated April 29, 2005, Dr. Acob limited Plaintiff, in effect, to less than light and sedentary work (Tr. 512-516). Then, in a letter dated January 26, 2006, Dr. Acob reported Plaintiff could not sit, stand or walk for more than 15 minutes and was "unable to maintain employment" (Tr. 577).

Here, the ALJ chose not to confer controlling weight to Dr. Acob's opinion, instead finding that the evidence in the record supported a denial of disability benefits. In doing so, the ALJ noted that Dr. Acob's opinion of extreme physical limitation was based primarily on his diagnosis of degenerative disc disease. However, the ALJ also noted that the diagnostic tests regarding Plaintiff's lower back "were not strong for nerve damage" (Tr. 273). For example, a November 2002 MRI of the lumbar spine showed only mild degenerative disc disease (Tr. 269, 521). Indeed, Dr. Acob noted that a March 2005 x-ray of the lumbar spine

6

was "normal" (Tr. 588).

Further, Dr. Acob's opinion is inconsistent with other, credible evidence of record. For example, the January 29, 2005 consultative examination by Michael Sifford, M.D., revealed "mo physical evidence of significant limitation" (Tr. 449).

Plaintiff's argument that the ALJ did not sufficiently state his reasons for declining to defer to a treating source lacks merit. The ALJ provided support for rejecting Dr. Acob's opinion.

As for Dr. Acob's January 26, 2006 statement that Plaintiff is "unable to maintain employment" (Tr. 577), the ALJ was correct in disregarding this conclusory remark. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Moreover, "the [ultimate] determination of disability is the prerogative of the [Commissioner], not the treating physician[.]" *Houston v. Secretary of Health & Human Servs.*, 736 F.2d 365, 367 (6th Cir.1984); *see also* 20 C.F.R. § 404.1527(e). Thus, when a treating physician offers an opinion on an issue reserved to the Commissioner, such as whether the claimant is disabled, the ALJ need not accord that opinion controlling weight. *Bass v. McMahon, 499 F.3d 506,*

7

*511 (6th Cir. 2007).*

The undersigned, having reviewed the decision and the record, finds substantial evidence in support of the ALJ's RFC.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 20 day of April.

_____
Henry R. Wilhoit, Jr., Senior Judge